# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY E. WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-954-D |
| | ) | |
| JANET DOWLING, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court for review of the Report and Recommendation [Doc. No. 7], issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner has timely objected to the Report, which recommends summary dismissal of the Petition with prejudice for untimeliness of claims. Accordingly, the Court must make a *de novo* determination of those portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his December 5, 2005 judgment of conviction in Cleveland County District Court, Case No. CF-2005-640, and the partial revocation of his suspended sentences in that same case on March 26, 2013. Petitioner previously petitioned the Court for the same relief in 2016. *See Wright v. McCollum* (*Wright I*), Case No. CIV-16-923-D (W.D. Okla. Aug. 11, 2016). Following preliminary review of that matter, United States Magistrate Judge Gary M. Purcell recommended that the Petition "be

dismissed without prejudice for lack of exhaustion and, alternatively, with prejudice as untimely." [*Wright I*, Doc. No. 10]. After Petitioner failed to object to Judge Purcell's recommendation, the undersigned dismissed the petition without prejudice for lack of exhaustion without reaching the alternative recommendation.

Petitioner filed this federal action on September 28, 2018. [*Wright II*, Doc. No. 1]. Judge Mitchell recommends that the Petition be deemed time-barred under the one-year limitation period of 28 U.S.C. § 2244(d)(1)(A). In his objection, Petitioner does not dispute Judge Mitchell's historical account of the state court proceedings; thus, the Court accepts this portion of the Report.[1] Nor does Petitioner raise any specific objection to Judge Mitchell's analysis of the untimeliness of his Petition under § 2244(d). Rather, Petitioner focuses his objection on the substantive merits of his claims.

Further, Petitioner does not dispute that the timeliness of his Petition depends on the applicability of the equitable tolling doctrine. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this circuit, equitable tolling may be appropriate when a prisoner has failed to file a timely federal petition due to "extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling is limited to "rare and exceptional circumstances"). In an effort to establish the two elements for

---

[1] Petitioner has waived further review of all issues as to which no specific objection is made. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

2

equitable tolling, Petitioner relies on a letter that he presented to his state court judge at his revocation hearing on March 26, 2013. Further, he appears to rely on his state post-conviction efforts to excuse his delay.[2] However, he presents no unique fact that prevented him from filing a federal petition within the one-year period imposed by 28 U.S.C. § 2244(d)(1)(A).[3] In summary, the Court finds Petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling.

Therefore, upon *de novo* consideration of the issues, the Court finds that the claims in the Petition are time-barred and should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## CONCLUSION

IT IS THEREFORE ORDERED that Judge Mitchell's Report and Recommendation [Doc. No. 7] is ADOPTED in its entirety. Petitioner's claims are dismissed with prejudice as time-barred. A judgment shall be issued forthwith.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C.

---

[2] Petitioner filed his first application for post-conviction relief on December 15, 2014, long after his 2005 conviction and more than one year after his revocation sentence became final. Petitioner never moved to withdraw his plea or timely seek to appeal his 2005 judgment of conviction. Further, he confessed the state's motion to revoke his suspended sentences and never sought to file a direct appeal on that issue.

[3] The petition he filed in *Wright I* in 2016 was also significantly after the one-year period of limitations.

§ 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 14th day of March 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE